**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA         *

 v.                                                    *  Criminal Case No. 25-cr-254

DIANTE BREWER                          *

*     *     *     *     *     *     *     *     *     *     *

### MOTION TO SUPPRESS PHYSICAL EVIDENCE

Defendant Diante Brewer by and through undersigned counsel, hereby moves this Honorable Court, pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, to suppress evidence seized in violation of the Fourth Amendment to the United States Constitution. In support thereof, Mr. Brewer states as follows:

### I.     INTRODUCTION

Mr. Brewer is charged in a one-count indictment alleging Unlawful Possession of Ammunition by a Person Convicted of a Crime Punishable Felon in Possession of a Firearm and Ammunition; in violation of 18 U.S.C. §922(g)(1), Members of the United States Park Police unlawfully stopped and searched Mr. Brewer as he attempted to walk away.  Any items recovered from Mr. Brewer's person during his seizure and subsequent search should be suppressed as the fruit of a poisonous tree.

### II.     FACTUAL BACKGROUND

On June 9, 2025, at approximately 11:35 p.m., officers of the Park Police received information that Diante Brewer, who the officers previously confirmed had an active extraditable warrant in Prince George's County, Maryland., was standing

1

outside amongst a large group of young men in the parking lot of an apartment complex. Officers responded to the location and encountered a large group of men, including Mr. Brewer, participating in the recording of a music video. As an officer approached the group, Mr. Brewer started to briskly walk away. The officer grabbed Mr. Brewer by the arm, forcing him to the ground. While on the ground, Mr. Brewer did not resist or attempt to flee. As officers were handcuffing him, one of the officers referred to Mr. Brewer as "Savante." Mr. Brewer informed officers that his name was not "Savante". As the officers rolled Mr. Brewer from his stomach, they lifted his shirt and removed what appeared to be a firearm from his waistband.

### III.  ARGUMENT

#### A.  The Arrest Was Lawful in Form but Unreasonably Executed.

The execution of an arrest warrant must be objectively reasonable. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Reasonableness is assessed "in light of the facts and circumstances confronting the officers at the moment." *Id.* In this case, the officers' approach and use of force was unreasonable. Officers immediately grabbed Mr. Brewer as he walked away, despite having no indication that he was resisting or attempting to flee. By their own actions, officers created confusion and escalated an encounter that could have been safely resolved. The disproportionate use of force by the Park Police tainted the subsequent search and underscores the unreasonableness of the seizure's execution.

#### B.  The Search of Mr. Brewer 's Waistband Was not Justified as Incident to Arrest.

Even assuming the arrest was lawful, the subsequent search of Mr. Brewer's waistband violated the Fourth Amendment. The government may argue the firearm was recovered during a search incident to arrest, but *Chimel v. California,* 395 U.S. 752, and its progeny limit such searches to protecting officer safety and preventing destruction of evidence. Once Mr. Brewer was handcuffed, face down, and compliant, those justifications no longer applied.

In *United States v. Askew*, 529 F.3d 1119 (D.C. Cir. 2008) (en banc), the D.C. Circuit held that a search incident to arrest may not be used for "evidence-gathering" once the suspect is restrained. There, as here, officers secured the arrestee and then conducted an additional search unrelated to safety. The Court held such a search unconstitutional. *Id.* at 1128–29. Likewise, in *United States v. Bookhardt*, 277 F.3d 558, 565 (D.C. Cir. 2002), the D.C. Circuit suppressed evidence where officers conducted a search that was "not substantially contemporaneous with, and confined to, the arrest itself." Here, the search of Mr. Brewer's waistband occurred after he was subdued and handcuffed, long after any risk of harm or flight. The officers' decision to lift his shirt and remove an item from his waistband was an evidence-gathering action, not a protective frisk. Under *Askew* and *Bookhardt*, it violated the Fourth Amendment.

C. **The Leon Good Faith Exception Does Not Apply**.

The government may contend that suppression is unwarranted under the good-faith exception in *United States v. Leon*, 468 U.S. 897 (1984). That doctrine, however, applies only when officers act in objectively reasonable reliance on a search warrant later found invalid. It does not excuse the unreasonable execution of

3

an arrest warrant or a warrantless search incident to arrest.

The D.C. Circuit has explicitly limited *Leon* to its narrow context. *United States v. Griffith*, 867 F.3d 1265, 1277–79 (D.C. Cir. 2017) (holding *Leon* inapplicable where officers executed a valid warrant unreasonably). Likewise, *Askew*, 529 F.3d at 1129, rejected reliance on *Leon* for a search performed after an arrestee was handcuffed. Because the officers' search of Mr. Brewer's waistband was neither authorized by a search warrant nor conducted for a legitimate safety purpose, the good-faith exception cannot apply.

### IV.   CONCLUSION

Although officers possessed a presumptively valid arrest warrant for Mr. Brewer, the way the officers executed that warrant was objectively unreasonable, and the subsequent search of his waistband was unconstitutional. Officers approached Mr. Brewer, did not identify themselves, and immediately forced Mr. Brewer to the ground without confirming his identity or affording him a chance to comply.   Therefore, any evidence recovered from Mr. Brewer's person must be suppressed.

Respectfully submitted,

*Alfred Guillaume*
_____
Alfred Guillaume III, Esq.
1350 Connecticut Ave. NW, Suite 308
Washington, D.C. 20036

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th of October 2025, a copy of the foregoing Motion was served electronically via ECF to: Office of the United States Attorney for the District of Columbia

*Alfred Guillaume*
_____
Alfred Guillaume III